1   Joshua B. Swigart, Esq. (SBN: 225557)
    josh@westcoastlitigation.com
2   Robert L. Hyde, Esq. (SBN: 227183)
    bob@westcoastlitigation.com
3   **Hyde & Swigart**
    411 Camino Del Rio South, Suite 301
4   San Diego, CA 92108-3551
    Telephone: (619) 233-7770
5   Facsimile:  (619) 330-4657

6   Attorneys for Plaintiff
    Ken Cousens
7

8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10
    KENNETH S. COUSENS,               Case No.: 06CV 2080 W    LSP
11
                        PLAINTIFF,
12                                    VERIFIED COMPLAINT FOR DAMAGES
    v.
13                                    JURY TRIAL DEMANDED
    AMERICAN HONDA FINANCE
14  CORPORATION, "AGENT
    JENKINS," AND CINGULAR
15  WIRELESS SERVICES, INC,
16                      DEFENDANTS.

17                        INTRODUCTION

18  1.   The United States Congress has found abundant evidence of the use of

19       abusive, deceptive, and unfair debt collection practices by many debt

20       collectors, and has determined that abusive debt collection practices contribute

21       to the number of personal bankruptcies, to marital instability, to the loss of

22       jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt

23       Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate

24       abusive debt collection practices by debt collectors, to insure that those debt

25       collectors who refrain from using abusive debt collection practices are not

26       competitively disadvantaged, and to promote consistent State action to protect

27       consumers against debt collection abuses.[1]

28
    ─────────────────
    [1] 15 U.S.C. §§ 1692(a)-(e)
    VERIFIED COMPLAINT FOR DAMAGES      PAGE 1 OF 22

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. KENNETH S. COUSENS, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AMERICAN HONDA FINANCE CORPORATION, ("HONDA"), "AGENT JENKINS," and CINGULAR WIRELESS SERVICES, INC. ("CINGULAR") with regard to attempts by HONDA and "AGENT JENKINS," debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), and California Common Law.

---

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

1    7.   Because Defendants do business within the State of California, personal
2         jurisdiction is established.

3    8.   Venue is proper pursuant to 28 U.S.C. § 1391.

4                                    **PARTIES**

5    9.   Plaintiff is a natural person who resided in the City of Escondido, County of
6         San Diego, State of California during the relevant period, and is obligated or
7         allegedly obligated to pay a debt, and is a "consumer" as that term is defined
8         by 15 U.S.C. § 1692a(3).

9    10.  Plaintiff is a natural person from whom a debt collector sought to collect a
10        consumer debt which was due and owing or alleged to be due and owing from
11        Plaintiff, and is a "debtor" as that term is defined by California Civil Code §
12        1788.2(h).

13   11.  Plaintiff is informed and believes, and thereon alleges, that HONDA is a
14        company operating from the City of Torrance, County of Los Angeles, State
15        of California.

16   12.  Plaintiff is informed and believes, and thereon alleges, that "AGENT
17        JENKINS" is an entity operating from the City of Las Vegas, County of
18        Clark, State of Nevada.

19   13.  Plaintiff is informed and believes, and thereon alleges, that CINGULAR is a
20        company operating from the City of Atlanta, County of Dougherty, State of
21        Georgia.

22   14.  Plaintiff is informed and believes, and thereon alleges, that "AGENT
23        JENKINS" is a person who uses an instrumentality of interstate commerce or
24        the mails in a business the principal purpose of which is the collection of
25        debts, or who regularly collects or attempts to collect, directly or indirectly,
26        debts owed or due or asserted to be owed or due another and is therefore a
27        "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28   //

15. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and that HONDA and "AGENT JENKINS" are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

19. Sometime before September 28, 2005, Plaintiff allegedly incurred financial obligations to HONDA that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before September 28, 2005, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

//

//

22. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before September 28, 2005, the alleged debt was assigned, placed, or otherwise transferred, to "AGENT JENKINS" for collection.

23. On or about September 28, 2005, a person who identified himself as "AGENT JENKINS" contacted Plaintiff by cellular telephone and demanded payment of the alleged debt. The use of the word "Agent" began what would eventually be an attempted representation of law enforcement. "AGENT JENKINS" never stated that he was associated with HONDA.

24. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" is, in reality, an agent of HONDA.

25. This telephone call to Plaintiff, by "AGENT JENKINS," was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

26. When "AGENT JENKINS" contacted Plaintiff, Plaintiff's "Caller ID" displayed the number of Plaintiff's own cellular telephone, instead of the number from which "AGENT JENKINS" was calling.

27. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" employed a device or other means to control what is displayed on Plaintiff's "Caller ID," commonly called "Caller ID Spoofing," and in doing so, intentionally misrepresented the source of "AGENT JENKINS's" telephone call to mask "AGENT JENKINS's" identity and deceived Plaintiff into accepting "AGENT JENKINS's" telephone call.

//

//

//

//

28. This conduct constitutes a false, deceptive, or misleading means used in connection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

29. During this conversation, "AGENT JENKINS" stated that he was from a "State agency for financial crimes in Nevada." This statement continued to perpetuate the false impression that "AGENT JENKINS" was law enforcement.

30. This statement constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(1), 1692e(10), Cal. Civ. Code §§ 1788.11(b), 1788.13(d), and 1788.13(i). Because AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

31. This statement also falsely and deceptively implied that Plaintiff had committed a crime. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), and Cal. Civ. Code §1788.10(b). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17

32. During this conversation, "AGENT JENKINS" stated that the alleged debt had been referred to him and that "anything relating to a questionable credit contract is a crime."

//
//
//
//

33. This statement falsely and deceptively implies that Plaintiff had committed a crime. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10) and Cal. Civ. Code §1788.10(b). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

34. On or about September 29, 2005, beginning around 8:00 AM, "AGENT JENKINS" telephoned Plaintiff's cellular telephone approximately every half hour for approximately 3 hours. As before, Plaintiff's "Caller ID" read that the incoming calls were from Plaintiff's own telephone.

35. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" employed a device or other means to control what is displayed on Plaintiff's "Caller ID," commonly called "Caller ID Spoofing," and in doing so, intentionally misrepresented the source of "AGENT JENKINS's" telephone call to mask "AGENT JENKINS's" identity and deceived Plaintiff into accepting "AGENT JENKINS's" telephone call.

36. This conduct constitutes a false, deceptive, or misleading means used in connection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

37. The placement of these telephone calls had the natural consequence of harassing, oppressing, or abusing Plaintiff in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692d, 1692d(5), Cal. Civ. Code §§ 1788.11(d), and 1788.11(e). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692d and 1692d(5),"AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

//

38. On or about 11:30 AM that same day, Plaintiff received a telephone call from Plaintiff's friend, Mr. James Tolbert. Mr. Tolbert informed Plaintiff that "AGENT JENKINS" had contacted Mr. Tolbert and asked about Plaintiff.

39. This communication to Mr. Tolbert, a third party, was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b). Because this communication violated 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

40. During this conversation with Mr. Tolbert, "AGENT JENKINS" stated he was from the "financial crimes division in Nevada."

41. This statement constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(1), 1692e(10), Cal. Civ. Code §§ 1788.11(b), 1788.13(d), and 1788.13(i). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

42. This statement also falsely and deceptively implies that Plaintiff had committed a crime. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), and Cal. Civ. Code §1788.10(b). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

//

43. While Plaintiff was on the telephone with Mr. Tolbert, Plaintiff received another telephone call. When Plaintiff looked at his "Caller ID" to identify the caller, it displayed the number of Plaintiff's wife's cellular telephone. Since Plaintiff's wife was sitting right next to Plaintiff at the time and was not using her telephone at that time, it is impossible that she would be telephoning Plaintiff.

44. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" employed a device or other means to control what is displayed on Plaintiff's "Caller ID," commonly called "Caller ID Spoofing," and in doing so, intentionally misrepresented the source of "AGENT JENKINS's" telephone call to mask "AGENT JENKINS's" identity and deceived Plaintiff into accepting "AGENT JENKINS's" telephone call.

45. This conduct constitutes a false, deceptive, or misleading means used in connection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" violated Cal. Civ. Code § 1788.17.

46. Later that same day, around 2:00 PM, Plaintiff contacted "AGENT JENKINS" in an attempt to determine who, exactly, "AGENT JENKINS" was and to what capacity "AGENT JENKINS" was involved in the collection of the alleged debt.

47. When Plaintiff asked whom "AGENT JENKINS" was, "AGENT JENKINS" stated, as he had previously, that he was from a "criminal division" from Nevada and that "AGENT JENKINS" was calling regarding Plaintiff's "financial crimes," thereby continuing the "law enforcement" falsity.

//

//

//

48. This statement, which greatly alarmed Plaintiff, constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(1), 1692e(10), Cal. Civ. Code §§ 1788.11(b), 1788.13(d), and 1788.13(i). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

49. This statement also falsely and deceptively implies that Plaintiff had committed a crime. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), and Cal. Civ. Code §1788.10(b). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(7), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

50. During this same conversation, Plaintiff demanded to know how and why "AGENT JENKINS" was manipulating the "Caller ID" on Plaintiff's cellular telephone. "AGENT JENKINS" refused to answer. Plaintiff further demanded to know how "AGENT JENKINS" got Plaintiff's friend's telephone number. Again, "AGENT JENKINS" refused to answer.

51. "AGENT JENKINS's" refusal to identify himself in any appreciable manner constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

52. Later this same day, "AGENT JENKINS" contacted the wife of Mr. Jeff Louis, who is another one of Plaintiff's friends, and asked about Plaintiff.

//

//

//

53. This communication to Ms. Louis, a third party, was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by "AGENT JENKINS" violated violated 15 U.S.C. § 1692c(b). Because this communication violated 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

54. During this conversation, "AGENT JENKINS" stated he was looking for Plaintiff and identified himself as an "officer from the Los Angeles Sheriff's Department."

55. By identifying himself as such, "AGENT JENKINS" used a false, deceptive, or misleading means in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692d(6), 1692e, 1692e(1), 1692e(10), Cal. Civ. Code §§ 1788.11(b), and 1788.13(d). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692d(6), 1692e, 1692e(1), and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

56. Still later that same day, "AGENT JENKINS" contacted Plaintiff's business associate, Mr. Larry Arnett, and asked about Plaintiff.

57. This communication to Mr. Arnett, a third party, was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b.

1    As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b).

2    Because this communication violated 15 U.S.C. § 1692c(b), this

3    communication also violated Cal. Civ. Code § 1788.17.

4    58. During this conversation, "AGENT JENKINS" stated he was an "authorized

5    agent from the financial crimes division of the State of Nevada."

6    59. This statement constitutes a false, deceptive, or misleading means used in

7    connection with the collection of the alleged debt.    As such, "AGENT

8    JENKINS" violated 15 U.S.C. §§ 1692e, 1692e(1), 1692e(10), Cal. Civ. Code

9    §§ 1788.11(b), 1788.13(d), and 1788.13(i).    Because "AGENT JENKINS"

10    violated 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10), "AGENT JENKINS"

11    also violated Cal. Civ. Code § 1788.17.

12    60. This statement also falsely and deceptively implies that Plaintiff had

13    committed a crime.    As such, "AGENT JENKINS" violated 15 U.S.C. §§

14    1692e, 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), and Cal. Civ. Code

15    §1788.10(b).    Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e,

16    1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), "AGENT JENKINS" also

17    violated Cal. Civ. Code § 1788.17.

18    61. Mr. Arnett became concerned, and asked "AGENT JENKINS" if this matter

19    was urgent.    "AGENT JENKINS" replied that Plaintiff was "in trouble."

20    62. Mr. Arnett was about to appoint Plaintiff as Mr. Arnett's financial officer in a

21    business venture that was years in the making.    Mr. Arnett told "AGENT

22    JENKINS" this information, and in response, "AGENT JENKINS" stated, "If

23    I were you, the last person I would give any financial responsibility to is Mr.

24    Cousens." By making this statement, "AGENT JENKINS" caused Mr. Arnett

25    to doubt the abilities of Plaintiff, and jeopardized a business deal that Plaintiff

26    had been planning to execute for several years.

27    //

28    //

63. "AGENT JENKINS's" conduct constituted an unfair or unconscionable means used in connection with the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692f. Because AGENT JENKINS" violated 15 U.S.C. § 1692f, "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

64. "AGENT JENKINS's" conduct also constituted a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

65. The natural consequence of "AGENT JENKINS's" conduct was to harass, oppress, or abuse Plaintiff and Mr. Arnett in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692d. Because "AGENT JENKINS" violated 15 U.S.C. § 1692d, "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

66. Throughout the next few days, Plaintiff contacted "AGENT JENKINS" and demanded that "AGENT JENKINS" cease contacting Plaintiff's friends and business associates.

67. Subsequent to this demand, on or about September 30, 2005 through October 1, 2005, "AGENT JENKINS" contacted Mr. Louis on at least two more occasions, each time identifying himself as an "authorized agent for the financial crimes division of the State of Nevada."

68. These communications to Mr. Louis, a third party, were without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and were in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further,

1  these communications to this third party were not provided for in 15 U.S.C. §

2  1692b.  As such, this action by "AGENT JENKINS" violated 15 U.S.C. §

3  1692c(b).  Because this communication violated 15 U.S.C. § 1692c(b), this

4  communication also violated Cal. Civ. Code § 1788.17.

5  69. The natural consequence of making these communications to Mr. Louis after

6  Plaintiff advised "AGENT JENKINS" to cease such communications was to

7  harass, oppress, or abuse Plaintiff and Mr. Louis in connection with the

8  collection of the alleged debt.  As such, "AGENT JENKINS" violated 15

9  U.S.C. §§ 1692d, 1692d(5), Cal. Civ. Code §§ 1788.11(d) and 1788.11(e).

10  Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692d and 1692d(5),

11  "AGENT JENKINS" also violated Cal. Civ. Code §1788.17.

12  70. On or about September 29 and 30, 2005, Plaintiff contacted HONDA and

13  spoke to "Ernie Chavez."  Plaintiff explained in detail the abusive and

14  misleading tactics used by "AGENT JENKINS," putting HONDA on notice

15  of "AGENT JENKINS's" conduct, and demanded that HONDA cease such

16  harassment.  In response, Mr. Chavez stated that HONDA does "what it needs

17  to to collect this money,"

18  71. HONDA further stated that it "could not call ["AGENT JENKINS"] off until

19  [Plaintiff] pays."

20  72. This statement by HONDA constitutes a false, deceptive, or misleading means

21  used in connection with the collection of the alleged debt.  As such, HONDA

22  violated Cal. Civ. Code § 1788.17 because HONDA violated 15 U.S.C. §§

23  1692e and 1692e(10).

24  73. Later that same day, Plaintiff received an email from CINGULAR notifying

25  Plaintiff that a change to Plaintiff's account had been effected.  Since Plaintiff

26  had not made any change to his account, Plaintiff became alarmed and

27  attempted to view his account status on the Internet.

28  //

74. To gain access to this CINGULAR account, Plaintiff must log into CINGULAR's website using a password. When Plaintiff entered this password, Plaintiff was not able to gain access to his account. Someone other than Plaintiff had changed Plaintiff's account password. Plaintiff immediately contacted CINGULAR, changed his password, and placed his account as "restricted."

75. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" improperly gained access to Plaintiff's CINGULAR account and changed Plaintiff's password.

76. CINGULAR has a duty to prevent unauthorized individuals from gaining access to its clients' cellular telephone accounts in such a manner that these unauthorized individuals may change private information such as account passwords.

77. By allowing "AGENT JENKINS", an unauthorized party, to gain access to Plaintiff's private account, CINGULAR breached its duty to Plaintiff.

78. This breach by CINGULAR caused Plaintiff harm

79. This breach was the substantial cause of Plaintiff's harm, both actually and proximately.

80. Later that same day, on or about October 3, 2005, Plaintiff's friend who lives in Florida, Mr. Roger Trontz, received a telephone call from "AGENT JENKINS." "AGENT JENKINS" stated that he understood that Plaintiff was visiting Florida soon, and that when Plaintiff arrived in Florida, Mr. Trontz should contact "AGENT JENKINS." In reality, Plaintiff had no plans at all to visit Florida.

81. This communication to Mr. Trontz, a third party, was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other

1    than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor,

2    the attorney of the creditor, or the attorney of the debt collector.  Further, this

3    communication to this third party was not provided for in 15 U.S.C. § 1692b.

4    As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b).

5    Because this communication violated 15 U.S.C. § 1692c(b), this

6    communication also violated Cal. Civ. Code § 1788.17.

7    82. This statement by "AGENT JENKINS" constitutes a false, deceptive, or

8    misleading means used in connection with the collection of the alleged debt.

9    As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10).

10   Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10),

11   "AGENT JENKINS" violated Cal. Civ. Code § 1788.17.

12   83. For approximately the following week, Plaintiff turned off his cellular

13   telephone to avoid more abusive and deceptive telephone calls from "AGENT

14   JENKINS" and/or HONDA.

15   84. Plaintiff was anticipating certain voice messages on his cellular telephone, and

16   to check these messages, Plaintiff used a public telephone.  One message that

17   Plaintiff was anticipating, and one that was in Plaintiff's voice mail, was in

18   regard to a time and place for a meeting with Plaintiff's friend, Mr. Louis.

19   85. This message, from Mr. Louis, stated that Mr. Louis wanted to meet Plaintiff

20   at a "True Value Hardware Store," and gave the address in Pahrump, Nevada.

21   86. When Plaintiff met Mr. Louis at this address, Mr. Louis's cellular telephone

22   rang.  When Mr. Louis answered the call, the caller stated that he was a

23   "friend" of Plaintiff's and asked, "Are you guys still at the True Value?"

24   There were no other people that knew about Plaintiff's meeting with Mr.

25   Louis, let alone where the meeting would take place.

26   //

27   //

28   //

87. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" had gained access to Plaintiff's cellular telephone voice mail and in doing so was able to determine when and where Plaintiff's meeting would occur.

88. CINGULAR has a duty to prevent unauthorized individuals from gaining access and listening to its clients' cellular telephone voice mail messages.

89. By allowing "AGENT JENKINS," an unauthorized party, to gain access to Plaintiff's private voice mails, CINGULAR breached its duty to Plaintiff.

90. This breach by CINGULAR caused Plaintiff harm

91. This breach was the substantial cause of Plaintiff's harm, both actually and proximately.

92. Plaintiff had a reasonable expectation of privacy in the voice messages left on his personal cellular telephone.

93. "AGENT JENKINS" intentionally intruded upon the contents of Plaintiff's voice mail.

94. This intrusion by "AGENT JENKINS" would be highly offensive to a reasonable person.

95. As a result of this intrusion by "AGENT JENKINS," Plaintiff was harmed.

96. "AGENT JENKINS's" conduct was a substantial factor is causing Plaintiff's harm.

97. Plaintiff is informed a believes, and thereon alleges, that "AGENT JENKINS" was able to gain access to Plaintiff's CINGULAR cellular telephone records, and used these records to determine the telephone numbers of Mr. Tolbert, Mr. Louis, Mr. Arnett, and Mr. Trontz. Since Plaintiff telephoned these people often, each of these people's telephone numbers would appear frequently on Plaintiff's cellular telephone records.

98. Plaintiff had a reasonable expectation of privacy in his cellular telephone records.

99. "AGENT JENKINS" intentionally intruded upon the contents of Plaintiff's cellular telephone records.

100. This intrusion by "AGENT JENKINS" would be highly offensive to a reasonable person.

101. As a result of this intrusion by "AGENT JENKINS," Plaintiff was harmed.

102. "AGENT JENKINS's" conduct was a substantial factor is causing Plaintiff's harm.

103. HONDA is liable for the conduct of "AGENT JENKINS" under respondeat superior and other theories of vicarious liability.

104. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" acted with malice or with reckless disregard for the outcome of his actions.

105. HONDA has a duty to refrain from hiring employees who abuse and mislead HONDA's clients, and to reasonably investigate its employees' background.

106. HONDA breached this duty when it hired "AGENT JENKINS", an employee who harassed at least one of HONDA's clients, including Plaintiff.

107. As a result of HONDA's breach, Plaintiff was harmed.

108. HONDA's breach was the substantial cause of Plaintiff's harm, both actually and proximately.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**HONDA'S AND "AGENT JENKIN'S" VIOLATIONS OF THE**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

109. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

110. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

1   111. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to
2        any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory
3        damages for a knowing or willful violation in the amount up to $1,000.00
4        pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and
5        costs pursuant to Cal. Civ. Code § 1788.30(c) from HONDA and "AGENT
6        JENKINS," individually.

7                                    COUNT II

8                 "AGENT JENKINS'S" VIOLATIONS OF THE

9                    FAIR DEBT COLLECTION PRACTICES ACT

10                       15 U.S.C. § 1692 ET SEQ.

11  112. Plaintiff incorporates by reference all of the above paragraphs of this
12       Complaint as though fully stated herein.

13  113. The foregoing acts and omissions constitute numerous and multiple violations
14       of the FDCPA, including but not limited to each and every one of the above-
15       cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

16  114. As a result of each and every violation of the FDCPA, Plaintiff is entitled to
17       any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in
18       an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
19       reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
20       "AGENT JENKINS."

21                                   COUNT III

22                           NEGLIGENCE OF HONDA

23  115. Plaintiff incorporates by reference all of the above paragraphs of this
24       Complaint as though fully stated herein.

25  116. HONDA had a duty to refrain from allowing employees who would abuse,
26       harass, and mislead HONDA's clients.

27  117. HONDA breached this duty when it allowed "AGENT JENKINS" to abuse,
28       harass, and mislead Plaintiff and Plaintiff's friends and business associates.

1 │ 118. HONDA's breach caused Plaintiff harm.

2 │ 119. HONDA's breach was the substantial factor in causing Plaintiff harm, both
3 │     actually and proximately.

4 │ **COUNT IV**

5 │ **NEGLIGENCE OF CINGULAR**

6 │ 120. Plaintiff incorporates by reference all of the above paragraphs of this
7 │     Complaint as though fully stated herein.

8 │ 121. CINGULAR has a duty keep its clients' cellular telephone records and voice
9 │     mails away from unauthorized users.

10 │ 122. CINGULAR breached this duty when it allowed HONDA to gain access to
11 │     Plaintiff's cellular telephone records and voice mails.

12 │ 123. CINGULAR's breach caused Plaintiff harm.

13 │ 124. CINGULAR's breach was the substantial factor in causing Plaintiff harm,
14 │     both actually and proximately.

15 │ **COUNT V**

16 │ **INVASION OF PRIVACY OF AGENT JENKINS**

17 │ 125. Plaintiff incorporates by reference all of the above paragraphs of this
18 │     Complaint as though fully stated herein.

19 │ 126. Plaintiff had a reasonable expectation of privacy in the contents of his cellular
20 │     telephone records and voice mails.

21 │ 127. HONDA intentionally intruded upon the information contained within
22 │     Plaintiff's cellular telephone records and voice mails.

23 │ 128. HONDA's intrusion would be highly offensive to a reasonable person.

24 │ 129. As a result of HONDA's actions, Plaintiff was harmed.

25 │ 130. HONDA's conduct was a substantial factor in causing Plaintiff's harm.

26 │     //

27 │     //

28 │     //

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered individually against each named Defendant for:

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### NEGLIGENCE OF HONDA

- an award of general, special, and actual damages in an amount to be determined at trial;
- an award of punitive damages;
- an award of pre-judgment interest at the legal rate;
- an award of reasonable attorney fees and costs associated with the suit; and;
- any other relief this Court deems just and proper.

### NEGLIGENCE OF CINGULAR

- an award of general, special, and actual damages in an amount to be determined at trial;

- an award of punitive damages;
- an award of pre-judgment interest at the legal rate;
- an award of reasonable attorney fees and costs associated with the suit; and;
- any other relief this Court deems just and proper.

### INVASION OF PRIVACY OF AGENT JENKINS

- an award of general, special, and actual damages in an amount to be determined at trial;
- an award of punitive damages;
- an award of pre-judgment interest at the legal rate;
- an award of reasonable attorney fees and costs associated with the suit; and;
- any other relief this Court deems just and proper.

### TRIAL BY JURY

131. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: __9/25/06__

Respectfully submitted,
HYDE & SWIGART

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

---

## Affidavit and Verification of Complaint
## by Ken Cousens

I, Ken Cousens, upon my oath, declare and say as follows:

(1) I am the Plaintiff in this civil proceeding, Cousens v. Honda Finance Corp.

(2) I have read the Civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

(3) I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law.

(4) I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

(5) I have filed this Civil Complaint in good faith and solely for the purposes set forth.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

_Ken Cousens_
Ken Cousens

_9/20/06_
Date Signed

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2006 SEP 26   PM 9: 00

**I (a) PLAINTIFFS**

Ken Cousens

**DEFENDANTS**

American Honda Finance Corporation, "Agent Jenkins", and Cingular Wireless, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**   Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Joshua B. Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA  92108

**ATTORNEYS (IF KNOWN)**

Unknown

**'06 CV 2080 W      LSP**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788 et seq

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $** 250000   Check YES only if demanded in complaint:   **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE                           Docket Number

**DATE**   9/25/06

SIGNATURE OF ATTORNEY OF RECORD

#129818   $250   KO   9/26/06

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)



*ORIGINAL*

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 129818 - A3
September 26, 2006

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-06-CV-2080 | | 60.00 CC |
| Judge | - WHELAN | | |
| CV510000 | | | 190.00 CC |
| CV086400 | | | 100.00 CC |

Total-> 350.00

FROM: CIVIL FILING
      COUSENS V. AMERICAN HONDA
      FINANCE CORP, ET AL
      AMEX AUTH#569349      KD