1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
3  **Hyde & Swigart**
   411 Camino Del Rio South, Suite 301
4  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
5  Facsimile:  (619) 330-4657

6  Attorneys for Plaintiff
   Kenneth Cousens
7

8                UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| KENNETH S. COUSENS, | CASE NO.: 06CV 2080 LSP |
|---|---|
| PLAINTIFF, | |
| v. | FIRST AMENDED COMPLAINT FOR DAMAGES |
| AMERICAN HONDA FINANCE CORPORATION, NORTHWEST MEDIATION GROUP, INC., "AGENT JENKINS," AND CINGULAR WIRELESS SERVICES, INC., | JURY TRIAL DEMANDED |
| DEFENDANTS. | |

18                        INTRODUCTION

19  1.   The United States Congress has found abundant evidence of the use of
20       abusive, deceptive, and unfair debt collection practices by many debt
21       collectors, and has determined that abusive debt collection practices contribute
22       to the number of personal bankruptcies, to marital instability, to the loss of
23       jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt
24       Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate
25       abusive debt collection practices by debt collectors, to insure that those debt
26       collectors who refrain from using abusive debt collection practices are not
27       competitively disadvantaged, and to promote consistent State action to protect
28

1      consumers against debt collection abuses.[1]

2.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3.      KENNETH S. COUSENS, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AMERICAN HONDA FINANCE CORPORATION, ("HONDA"), NORTHWEST MEDIATION GROUP, INC. ("NMG"), "AGENT JENKINS," and CINGULAR WIRELESS SERVICES, INC. ("CINGULAR") with regard to attempts by HONDA, NMG, and "AGENT JENKINS," debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.      For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

**JURISDICTION AND VENUE**

5.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

     //

     //

---

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

6. This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), and California Common Law.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resided in the City of Escondido, County of San Diego, State of California during the relevant period, and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that HONDA is a company operating from the City of Torrance, County of Los Angeles, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that NMG is a company operating from the City of Mesquite, County of Dallas, State of Texas.

13. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS," as an agent of NMG, is an entity operating from the City of Mesquite, County of Dallas, State of Texas.

14. Plaintiff is informed and believes, and thereon alleges, that CINGULAR is a company operating from the City of Atlanta, County of Dougherty, State of Georgia.

1   15. Plaintiff is informed and believes, and thereon alleges, that NMG and
2        "AGENT JENKINS" are persons who use an instrumentality of interstate
3        commerce or the mails in a business the principal purpose of which is the
4        collection of debts, or who regularly collect or attempt to collect, directly or
5        indirectly, debts owed or due or asserted to be owed or due another and are
6        therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7   16. Plaintiff is informed and believes, and thereon alleges, that Defendants are not
8        attorneys or counselors at law and that HONDA, NMG, and "AGENT
9        JENKINS" are persons who, in the ordinary course of business, regularly, on
10      behalf of themselves or others, engage in debt collection as that term is
11      defined by California Civil Code § 1788.2(b), and are therefore "debt
12      collectors" as that term is defined by California Civil Code § 1788.2(c).

13   17. This case involves money, property or their equivalent, due or owing or
14      alleged to be due or owing from a natural person by reason of a consumer
15      credit transaction.  As such, this action arises out of a "consumer debt" and
16      "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17                         **FACTUAL ALLEGATIONS**

18   18. At all times relevant, Plaintiff was an individual residing within the State of
19      California.

20   19. Plaintiff is informed and believes, and thereon alleges, that at all times
21      relevant Defendants conducted business in the State of California.

22   20. Sometime before September 28, 2005, Plaintiff allegedly incurred financial
23      obligations to HONDA that were money, property, or their equivalent, which
24      is due or owing, or alleged to be due or owing, from a natural person to
25      another person and were therefore "debt(s)" as that term is defined by
26      California Civil Code §1788.2(d), and a "consumer debt" as that term is
27      defined by California Civil Code §1788.2(f).

28   //

21. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, but before September 28, 2005, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

23. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before September 28, 2005, HONDA assigned, placed, or otherwise transferred the alleged debt to NMG for collections.

24. On or about September 28, 2005, a person who identified himself as "AGENT JENKINS," who, Plaintiff is informed and believes is an employee of NMG, contacted Plaintiff by cellular telephone and demanded payment of the alleged debt.  The use of the word "Agent" began what would eventually be an attempted representation of law enforcement.  "AGENT JENKINS" never stated that he was associated with NMG or HONDA.

25. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" as an employee of NMG is also an agent of HONDA.

26. This telephone call to Plaintiff, by "AGENT JENKINS," was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

27. When "AGENT JENKINS" contacted Plaintiff, Plaintiff's "Caller ID" displayed the number of Plaintiff's own cellular telephone, instead of the number from which "AGENT JENKINS" was calling.

//

//

//

//

1    28. Plaintiff is informed and believes, and thereon alleges, that "AGENT
2         JENKINS" employed a device or other means to control what is displayed on
3         Plaintiff's "Caller ID," commonly called "Caller ID Spoofing," and in doing
4         so, intentionally misrepresented the source of "AGENT JENKINS'" telephone
5         call to mask "AGENT JENKINS'" identity and deceived Plaintiff into
6         accepting "AGENT JENKINS'" telephone call.

7    29. This conduct constitutes a false, deceptive, or misleading means used in
8         connection of the alleged debt. As such, "AGENT JENKINS" violated 15
9         U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15
10       U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ.
11       Code § 1788.17.

12    30. During this conversation, "AGENT JENKINS" stated that he was from a
13       "State agency for financial crimes in Nevada." This statement continued to
14       perpetuate the false impression that "AGENT JENKINS" was law
15       enforcement.

16    31. This statement represents the false statement that "AGENT JENKINS" is
17       vouched for, bonded by, or affiliated with the United States or any State. As
18       such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(1). Because "AGENT
19       JENKINS" violated 15 U.S.C. § 1692e(1), "AGENT JENKINS" also violated
20       Cal. Civ. Code § 1788.17.

21    32. This statement constitutes a false, deceptive, or misleading means used in
22       connection with the collection of the alleged debt. As such, "AGENT
23       JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because AGENT
24       "JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT
25       JENKINS" also violated Cal. Civ. Code § 1788.17.

26    //
27    //
28    //

33. This statement also constitutes the false representation that "AGENT JENKINS" is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government. As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(d).

34. This statement also constitutes the false representation of the true nature of the business or services being rendered by "AGENT JENKINS." As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(i).

35. This statement also falsely and deceptively implied that Plaintiff had committed a crime. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(7). Because "AGENT JENKINS" violated 15 U.S.C. § 1692e(7), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17

36. This statement also constitutes a false representation of the legal status of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A). Because AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

37. This statement also represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

38. This statement also represents the threat that the failure to pay the alleged debt will result in an accusation that Plaintiff committed a crime, where such accusation would be false. As such, "AGENT JENKINS" violated Cal. Civ. Code §1788.10(b).

39. During this conversation, "AGENT JENKINS" stated that the alleged debt had been referred to him and that "anything relating to a questionable credit contract is a crime."

//

//

40. This statement falsely and deceptively implied that Plaintiff had committed a crime. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(7). Because "AGENT JENKINS" violated 15 U.S.C. § 1692e(7), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17

41. This statement also constitutes a false representation of the legal status of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A). Because AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

42. This statement also represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

43. This statement also represents the threat that the failure to pay the alleged debt will result in an accusation that Plaintiff committed a crime, where such accusation would be false. As such, "AGENT JENKINS" violated Cal. Civ. Code §1788.10(b).

44. On or about September 29, 2005, beginning around 8:00 AM, "AGENT JENKINS" telephoned Plaintiff's cellular telephone approximately every half hour for approximately 3 hours. As before, Plaintiff's "Caller ID" read that the incoming calls were from Plaintiff's own telephone.

45. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" employed a device or other means to control what is displayed on Plaintiff's "Caller ID," commonly called "Caller ID Spoofing," and in doing so, intentionally misrepresented the source of "AGENT JENKINS'" telephone call to mask "AGENT JENKINS'" identity and deceived Plaintiff into accepting "AGENT JENKINS'" telephone call.

//

//

46. This conduct constitutes a false, deceptive, or misleading means used in connection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

47. The placement of these telephone calls had the natural consequence of harassing, oppressing, or abusing Plaintiff in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692d and 1692d(5). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692d and 1692d(5),"AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

48. The placement of these telephone calls caused Plaintiff's telephone to ring continuously or repeatedly with the intent to annoy Plaintiff. As such, "AGENT JENKINS" violated Cal. Civ. Code §§ 1788.11(d).

49. These telephone calls were made with such frequency as to be unreasonable and constitute harassment of Plaintiff under the circumstances. As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.11(e).

50. On or about 11:30 AM that same day, Plaintiff received a telephone call from Plaintiff's friend, Mr. James Tolbert. Mr. Tolbert informed Plaintiff that "AGENT JENKINS" had contacted Mr. Tolbert and asked about Plaintiff.

51. This communication to Mr. Tolbert, a third party, was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b). Because this communication violated 15 U.S.C. § 1692c(b), this

1    communication also violated Cal. Civ. Code § 1788.17.

2   52. During this conversation with Mr. Tolbert, "AGENT JENKINS" stated he was
3       from the "financial crimes division in Nevada."

4   53. This statement represents the false statement that "AGENT JENKINS" is
5       vouched for, bonded by, or affiliated with the United States or any State. As
6       such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(1). Because "AGENT
7       JENKINS" violated 15 U.S.C. § 1692e(1), "AGENT JENKINS" also violated
8       Cal. Civ. Code § 1788.17.

9   54. This statement constitutes a false, deceptive, or misleading means used in
10      connection with the collection of the alleged debt.   As such, "AGENT
11      JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT
12      JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS"
13      also violated Cal. Civ. Code § 1788.17.

14  55. This statement also constitutes the false representation that "AGENT
15      JENKINS" is vouched for, bonded by, affiliated with, or is an instrumentality,
16      agent or official of any federal, state or local government. As such, "AGENT
17      JENKINS" violated Cal. Civ. Code § 1788.13(d).

18  56. This statement also constitutes the false representation of the true nature of the
19      business or services being rendered by "AGENT JENKINS."   As such,
20      "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(i).

21  57. This statement also falsely and deceptively implied that Plaintiff had
22      committed a crime.   As such, "AGENT JENKINS" violated 15 U.S.C. §
23      1692e(7). Because "AGENT JENKINS" violated 15 U.S.C. § 1692e(7),
24      "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

25  58. This statement also constitutes a false representation of the legal status of the
26      alleged debt.   As such, "AGENT JENKINS" violated 15 U.S.C.
27      §1692e(2)(A).   Because AGENT JENKINS" violated 15 U.S.C.
28      §1692e(2)(A), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

59. This statement also represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

60. This statement also represents the threat that the failure to pay the alleged debt will result in an accusation that Plaintiff committed a crime, where such accusation would be false. As such, "AGENT JENKINS" violated Cal. Civ. Code §1788.10(b).

61. While Plaintiff was on the telephone with Mr. Tolbert, Plaintiff received another telephone call. When Plaintiff looked at his "Caller ID" to identify the caller, it displayed the number of Plaintiff's wife's cellular telephone. Since Plaintiff's wife was sitting right next to Plaintiff at the time and was not using her telephone at that time, it is impossible that she would be telephoning Plaintiff.

62. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" employed a device or other means to control what is displayed on Plaintiff's "Caller ID," commonly called "Caller ID Spoofing," and in doing so, intentionally misrepresented the source of "AGENT JENKINS'" telephone call to mask "AGENT JENKINS'" identity and deceived Plaintiff into accepting "AGENT JENKINS'" telephone call.

63. This conduct constitutes a false, deceptive, or misleading means used in connection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" violated Cal. Civ. Code § 1788.17.

//

//

//

1   64. Later that same day, around 2:00 PM, Plaintiff contacted "AGENT
2       JENKINS" in an attempt to determine who, exactly, "AGENT JENKINS" was
3       and to what capacity "AGENT JENKINS" was involved in the collection of
4       the alleged debt.

5   65. When Plaintiff asked whom "AGENT JENKINS" was, "AGENT JENKINS"
6       stated, as he had previously, that he was from a "criminal division" from
7       Nevada and that "AGENT JENKINS" was calling regarding Plaintiff's
8       "financial crimes," thereby continuing the "law enforcement" falsity.

9   66. This statement represents the false statement that "AGENT JENKINS" is
10     vouched for, bonded by, or affiliated with the United States or any State. As
11     such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(1). Because "AGENT
12     JENKINS" violated 15 U.S.C. § 1692e(1), "AGENT JENKINS" also violated
13     Cal. Civ. Code § 1788.17.

14   67. This statement constitutes a false, deceptive, or misleading means used in
15     connection with the collection of the alleged debt.  As such, "AGENT
16     JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because AGENT
17     "JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT
18     JENKINS" also violated Cal. Civ. Code § 1788.17.

19   68. This statement also constitutes the false representation that "AGENT
20     JENKINS" is vouched for, bonded by, affiliated with, or is an instrumentality,
21     agent or official of any federal, state or local government. As such, "AGENT
22     JENKINS" violated Cal. Civ. Code § 1788.13(d).

23   69. This statement also constitutes the false representation of the true nature of the
24     business or services being rendered by "AGENT JENKINS."  As such,
25     "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(i).

26     //
27     //
28     //

70. This statement also falsely and deceptively implied that Plaintiff had committed a crime.  As such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(7). Because "AGENT JENKINS" violated 15 U.S.C. § 1692e(7), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

71. This statement also constitutes a false representation of the legal status of the alleged debt.  As such, "AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A).   Because AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

72. This statement also represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).  Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

73. This statement also represents the threat that the failure to pay the alleged debt will result in an accusation that Plaintiff committed a crime, where such accusation would be false. As such, "AGENT JENKINS" violated Cal. Civ. Code §1788.10(b).

74. During this same conversation, Plaintiff demanded to know how and why "AGENT JENKINS" was manipulating the "Caller ID" on Plaintiff's cellular telephone.   "AGENT JENKINS" refused to answer.  Plaintiff further demanded to know how "AGENT JENKINS" got Plaintiff's friend's telephone number. Again, "AGENT JENKINS" refused to answer.

75. "AGENT JENKINS'" refusal to identify himself in any appreciable manner constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt.  As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

//

1  76. Later this same day, "AGENT JENKINS" contacted the wife of Mr. Jeff
2      Louis, who is another one of Plaintiff's friends, and asked about Plaintiff.
3  77. This communication to Ms. Louis, a third party, was without prior consent, or
4      the express permission of a court of competent jurisdiction, or as reasonably
5      necessary to effectuate a post judgment judicial remedy, and was in
6      connection with the collection of the alleged debt, and with a person other
7      than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor,
8      the attorney of the creditor, or the attorney of the debt collector. Further, this
9      communication to this third party was not provided for in 15 U.S.C. § 1692b.
10     As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b).
11     Because this communication violated 15 U.S.C. § 1692c(b), this
12     communication also violated Cal. Civ. Code § 1788.17.
13 78. During this conversation, "AGENT JENKINS" stated he was looking for
14     Plaintiff and identified himself as an "officer from the Los Angeles Sheriff's
15     Department."
16 79. This statement represents the false statement that "AGENT JENKINS" is
17     vouched for, bonded by, or affiliated with the United States or any State. As
18     such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(1). Because "AGENT
19     JENKINS" violated 15 U.S.C. § 1692e(1), "AGENT JENKINS" also violated
20     Cal. Civ. Code § 1788.17.
21 80. This statement constitutes a false, deceptive, or misleading means used in
22     connection with the collection of the alleged debt.  As such, "AGENT
23     JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because AGENT
24     "JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT
25     JENKINS" also violated Cal. Civ. Code § 1788.17.
26     //
27     //
28     //

81. This statement also constitutes the false representation that "AGENT JENKINS" is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government. As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(d).

82. This statement also constitutes the false representation of the true nature of the business or services being rendered by "AGENT JENKINS." As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(i).

83. Still later that same day, "AGENT JENKINS" contacted Plaintiff's business associate, Mr. Larry Arnett, and asked about Plaintiff.

84. This communication to Mr. Arnett, a third party, was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b). Because this communication violated 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

85. During this conversation, "AGENT JENKINS" stated he was an "authorized agent from the financial crimes division of the State of Nevada."

86. This statement represents the false statement that "AGENT JENKINS" is vouched for, bonded by, or affiliated with the United States or any State. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(1). Because "AGENT JENKINS" violated 15 U.S.C. § 1692e(1), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

//

//

87. This statement constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because AGENT "JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

88. This statement also constitutes the false representation that "AGENT JENKINS" is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government. As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(d).

89. This statement also constitutes the false representation of the true nature of the business or services being rendered by "AGENT JENKINS." As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.13(i).

90. This statement also falsely and deceptively implied that Plaintiff had committed a crime. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692e(7). Because "AGENT JENKINS" violated 15 U.S.C. § 1692e(7), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17

91. This statement also constitutes a false representation of the legal status of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A). Because AGENT JENKINS" violated 15 U.S.C. §1692e(2)(A), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

92. This statement also represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

93. This statement also represents the threat that the failure to pay the alleged debt will result in an accusation that Plaintiff committed a crime, where such accusation would be false. As such, "AGENT JENKINS" violated Cal. Civ. Code §1788.10(b).

94. Mr. Arnett became concerned, and asked "AGENT JENKINS" if this matter was urgent. "AGENT JENKINS" replied that Plaintiff was "in trouble."

95. Mr. Arnett was about to appoint Plaintiff as Mr. Arnett's financial officer in a business venture that was years in the making. Mr. Arnett told "AGENT JENKINS" this information, and in response, "AGENT JENKINS" stated, "If I were you, the last person I would give any financial responsibility to is Mr. Cousens." By making this statement, "AGENT JENKINS" caused Mr. Arnett to doubt the abilities of Plaintiff, and jeopardized a lucrative business deal that Plaintiff had been planning to execute for several years.

96. "AGENT JENKINS'" conduct constituted an unfair or unconscionable means used in connection with the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692f. Because AGENT JENKINS" violated 15 U.S.C. § 1692f, "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

97. "AGENT JENKINS'" conduct also constituted a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

98. The natural consequence of "AGENT JENKINS'" conduct was to harass, oppress, or abuse Plaintiff and Mr. Arnett in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. § 1692d. Because "AGENT JENKINS" violated 15 U.S.C. § 1692d, "AGENT JENKINS" also violated Cal. Civ. Code § 1788.17.

99. Throughout the next few days, Plaintiff contacted "AGENT JENKINS" and demanded that "AGENT JENKINS" cease contacting Plaintiff's friends and business associates.

//

//

100. Subsequent to this demand, on or about September 30, 2005 through October 1, 2005, "AGENT JENKINS" contacted Mr. Louis on at least two more occasions, each time identifying himself as an "authorized agent for the financial crimes division of the State of Nevada."

101. These communications to Mr. Louis, a third party, were without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and were in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, these communications to this third party were not provided for in 15 U.S.C. § 1692b. As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b). Because this communication violated 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

102. The natural consequence of making these communications to Mr. Louis after Plaintiff advised "AGENT JENKINS" to cease such communications was to harass, oppress, or abuse Plaintiff and Mr. Louis in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692d and 1692d(5). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692d and 1692d(5), "AGENT JENKINS" also violated Cal. Civ. Code §1788.17.

103. The placement of these telephone calls caused Mr. Louis' telephone to ring continuously or repeatedly with the intent to annoy Plaintiff. As such, "AGENT JENKINS" violated Cal. Civ. Code §§ 1788.11(d).

104. The placement of these telephone calls was made with such frequency as to be unreasonable and constitute harassment of Plaintiff and Mr. Louis under the circumstances. As such, "AGENT JENKINS" violated Cal. Civ. Code § 1788.11(e).

105. On or about September 29 and 30, 2005, Plaintiff contacted HONDA and spoke to "Ernie Chavez." Plaintiff explained in detail the abusive and misleading tactics used by "AGENT JENKINS," putting HONDA on notice of "AGENT JENKINS'" conduct, and demanded that HONDA cease such harassment. In response, Mr. Chavez stated that HONDA does "what it needs to to collect this money."

106. HONDA further stated that it "could not call ['AGENT JENKINS'] off until [Plaintiff] pays."

107. This statement by HONDA constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, HONDA violated Cal. Civ. Code § 1788.17 because HONDA violated 15 U.S.C. §§ 1692e and 1692e(10).

108. Later that same day, Plaintiff received an email from CINGULAR notifying Plaintiff that a change to Plaintiff's account had been effected. Since Plaintiff had not made any change to his account, Plaintiff became alarmed and attempted to view his account status on the Internet.

109. To gain access to this CINGULAR account, Plaintiff must log into CINGULAR's website using a password. When Plaintiff entered this password, Plaintiff was not able to gain access to his account. Someone other than Plaintiff had changed Plaintiff's account password. Plaintiff immediately contacted CINGULAR, changed his password, and placed his account as "restricted."

110. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" improperly gained access to Plaintiff's CINGULAR account and changed Plaintiff's password.

//

//

//

1  111. CINGULAR has a duty to prevent unauthorized individuals from gaining
2       access to its clients' cellular telephone accounts in such a manner that these
3       unauthorized individuals may change private information such as account
4       passwords.

5  112. By allowing "AGENT JENKINS," an unauthorized party, to gain access to
6       Plaintiff's private account, CINGULAR breached its duty to Plaintiff.

7  113. This breach by CINGULAR caused Plaintiff harm

8  114. This breach was the substantial cause of Plaintiff's harm, both actually and
9       proximately.

10 115. Later that same day, on or about October 3, 2005, Plaintiff's friend who lives
11      in Florida, Mr. Roger Trontz, received a telephone call from "AGENT
12      JENKINS." "AGENT JENKINS" stated that he understood that Plaintiff was
13      visiting Florida soon, and that when Plaintiff arrived in Florida, Mr. Trontz
14      should contact "AGENT JENKINS." In reality, Plaintiff had no plans at all to
15      visit Florida.

16 116. This communication to Mr. Trontz, a third party, was without prior consent, or
17      the express permission of a court of competent jurisdiction, or as reasonably
18      necessary to effectuate a post judgment judicial remedy, and was in
19      connection with the collection of the alleged debt, and with a person other
20      than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor,
21      the attorney of the creditor, or the attorney of the debt collector. Further, this
22      communication to this third party was not provided for in 15 U.S.C. § 1692b.
23      As such, this action by "AGENT JENKINS" violated 15 U.S.C. § 1692c(b).
24      Because this communication violated 15 U.S.C. § 1692c(b), this
25      communication also violated Cal. Civ. Code § 1788.17.

26      //
27      //
28      //

117. This statement by "AGENT JENKINS" constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10). Because "AGENT JENKINS" violated 15 U.S.C. §§ 1692e and 1692e(10), "AGENT JENKINS" violated Cal. Civ. Code § 1788.17.

118. For approximately the following week, Plaintiff turned off his cellular telephone to avoid more abusive and deceptive telephone calls from "AGENT JENKINS" and/or HONDA.

119. Plaintiff was anticipating certain voice messages on his cellular telephone, and to check these messages, Plaintiff used a public telephone. One message that Plaintiff was anticipating, and one that was in Plaintiff's voice mail, was in regard to a time and place for a meeting with Plaintiff's friend, Mr. Louis.

120. This message, from Mr. Louis, stated that Mr. Louis wanted to meet Plaintiff at a "True Value Hardware Store," and gave the corresponding address in Pahrump, Nevada.

121. When Plaintiff met Mr. Louis at this address, Mr. Louis' cellular telephone rang. When Mr. Louis answered the call, the caller stated that he was a "friend" of Plaintiff's and asked, "Are you guys still at the True Value?" There were no other people that knew about Plaintiff's meeting with Mr. Louis, let alone where the meeting would take place.

122. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" had gained access to Plaintiff's cellular telephone voice mail and in doing so was able to determine when and where Plaintiff's meeting would occur.

123. CINGULAR has a duty to prevent unauthorized individuals from gaining access and listening to its clients' cellular telephone voice mail messages.

124. By allowing "AGENT JENKINS," an unauthorized party, to gain access to Plaintiff's private voice mails, CINGULAR breached its duty to Plaintiff.

125. This breach by CINGULAR caused Plaintiff harm.

126. This breach was the substantial cause of Plaintiff's harm, both actually and proximately.

127. Plaintiff had a reasonable expectation of privacy in the voice messages left on his personal cellular telephone.

128. "AGENT JENKINS" intentionally intruded upon the contents of Plaintiff's voice mail.

129. This intrusion by "AGENT JENKINS" would be highly offensive to a reasonable person.

130. As a result of this intrusion by "AGENT JENKINS," Plaintiff was harmed.

131. "AGENT JENKINS'" conduct was a substantial factor is causing Plaintiff's harm.

132. Plaintiff is informed a believes, and thereon alleges, that "AGENT JENKINS" was able to gain access to Plaintiff's CINGULAR cellular telephone records, and used these records to determine the telephone numbers of Mr. Tolbert, Mr. Louis, Mr. Arnett, and Mr. Trontz.  Since Plaintiff telephoned these people often, each of these people's telephone numbers would appear frequently on Plaintiff's cellular telephone records.

133. Plaintiff had a reasonable expectation of privacy in his cellular telephone records.

134. "AGENT JENKINS" intentionally intruded upon the contents of Plaintiff's cellular telephone records.

135. This intrusion by "AGENT JENKINS" would be highly offensive to a reasonable person.

136. As a result of this intrusion by "AGENT JENKINS," Plaintiff was harmed.

137. "AGENT JENKINS'" conduct was a substantial factor is causing Plaintiff's harm.

*//*

138. HONDA has a duty to refrain from hiring employees who abuse and mislead HONDA'S clients, and to reasonably investigate its employees' background.

139. HONDA breached this duty when it hired "AGENT JENKINS", an employee who harassed at least one of HONDA'S clients, including Plaintiff.

140. As a result of HONDA'S breach, Plaintiff was harmed.

141. HONDA'S breach was the substantial cause of Plaintiff's harm, both actually and proximately.

142. HONDA is liable for the conduct of "AGENT JENKINS" under respondeat superior and other theories of vicarious liability.

143. Plaintiff is informed and believes, and thereon alleges, that NMG is liable for the unlawful conduct of "AGENT JENKINS" under respondeat superior and other theories of vicarious liability.

144. Plaintiff is informed and believes, and thereon alleges, that "AGENT JENKINS" acted with malice or with reckless disregard for the outcome of his actions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## HONDA'S, NMG'S, AND "AGENT JENKINS'" VIOLATIONS OF THE

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

145. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

146. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

//

//

//

//

1   147. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to
2        any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory
3        damages for a knowing or willful violation in the amount up to $1,000.00
4        pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and
5        costs pursuant to Cal. Civ. Code § 1788.30(c) from HONDA, NMG, and
6        "AGENT JENKINS," individually.

7   ## COUNT II

8   ## NMG'S AND "AGENT JENKINS'" VIOLATIONS OF THE

9   ## FAIR DEBT COLLECTION PRACTICES ACT

10  ## 15 U.S.C. § 1692 ET SEQ.

11  148. Plaintiff incorporates by reference all of the above paragraphs of this
12       Complaint as though fully stated herein.

13  149. The foregoing acts and omissions constitute numerous and multiple violations
14       of the FDCPA, including but not limited to each and every one of the above-
15       cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

16  150. As a result of each and every violation of the FDCPA, Plaintiff is entitled to
17       any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in
18       an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
19       reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
20       NMG and "AGENT JENKINS."

21  ## COUNT III

22  ## NEGLIGENCE OF HONDA

23  151. Plaintiff incorporates by reference all of the above paragraphs of this
24       Complaint as though fully stated herein.

25  152. HONDA had a duty to refrain from allowing employees who would abuse,
26       harass, and mislead HONDA'S clients.

27  153. HONDA breached this duty when it allowed "AGENT JENKINS" to abuse,
28       harass, and mislead Plaintiff and Plaintiff's friends and business associates.

1  154. HONDA'S breach caused Plaintiff harm.

2  155. HONDA'S breach was the substantial factor in causing Plaintiff harm, both
3  actually and proximately.

4  ### COUNT IV

5  ### NEGLIGENCE OF CINGULAR

6  156. Plaintiff incorporates by reference all of the above paragraphs of this
7  Complaint as though fully stated herein.

8  157. CINGULAR has a duty keep its clients' cellular telephone records and voice
9  mails away from unauthorized users.

10 158. CINGULAR breached this duty when it allowed HONDA to gain access to
11 Plaintiff's cellular telephone records and voice mails.

12 159. CINGULAR'S breach caused Plaintiff harm.

13 160. CINGULAR'S breach was the substantial factor in causing Plaintiff harm,
14 both actually and proximately.

15 ### COUNT V

16 ### INVASION OF PRIVACY OF NMG AND "AGENT JENKINS"

17 161. Plaintiff incorporates by reference all of the above paragraphs of this
18 Complaint as though fully stated herein.

19 162. Plaintiff had a reasonable expectation of privacy in the contents of his cellular
20 telephone records and voice mails.

21 163. NMG and "AGENT JENKINS" intentionally intruded upon the information
22 contained within Plaintiff's cellular telephone records and voice mails.

23 164. NMG'S and "AGENT JENKINS'" intrusion would be highly offensive to a
24 reasonable person.

25 165. As a result of NMG'S and "AGENT JENKINS'" actions, Plaintiff was
26 harmed.

27 166. NMG'S and "AGENT JENKINS'" conduct was a substantial factor in causing
28 Plaintiff's harm.

1

## PRAYER FOR RELIEF

2   **WHEREFORE,** Plaintiff prays that judgment be entered individually against each
3   named Defendant for:

4   ### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

5   • an award of actual damages pursuant to California Civil Code §
6      1788.30(a) in an amount to be adduced at trial from HONDA, NMG,
7      and "AGENT JENKINS," individually;

8   • an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code
9      § 1788.30(b) from HONDA, NMG, and "AGENT JENKINS,"
10     individually;

11  • an award of costs of litigation and reasonable attorney's fees, pursuant to
12     Cal. Civ. Code § 1788.30(c) from HONDA, NMG, and "AGENT
13     JENKINS," individually.

14  ### FAIR DEBT COLLECTION PRACTICES ACT

15  • an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an
16     amount to be adduced at trial from NMG and "AGENT JENKINS,"
17     individually;

18  • an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §
19     1692k(a)(2)(A) from NMG and "AGENT JENKINS," individually;

20  • an award of costs of litigation and reasonable attorney's fees, pursuant to
21     15 U.S.C. § 1692k(a)(3) from NMG and "AGENT JENKINS,"
22     individually.

23  ### NEGLIGENCE OF HONDA

24  • an award of general, special, and actual damages in an amount to be
25     determined at trial;

26  • an award of punitive damages;

27  • an award of pre-judgment interest at the legal rate;

28  //

1    • an award of reasonable attorney fees and costs associated with the suit;
2       and;
3    • any other relief this Court deems just and proper.

4                          **NEGLIGENCE OF CINGULAR**

5    • an award of general, special, and actual damages in an amount to be
6       determined at trial;
7    • an award of punitive damages;
8    • an award of pre-judgment interest at the legal rate;
9    • an award of reasonable attorney fees and costs associated with the suit;
10      and;
11   • any other relief this Court deems just and proper.

12               **INVASION OF PRIVACY OF NMG AND "AGENT JENKINS"**

13   • an award of general, special, and actual damages in an amount to be
14      determined at trial;
15   • an award of punitive damages;
16   • an award of pre-judgment interest at the legal rate;
17   • an award of reasonable attorney fees and costs associated with the suit;
18      and;
19   • any other relief this Court deems just and proper.

20                              **TRIAL BY JURY**

21   167. Pursuant to the seventh amendment to the Constitution of the United States of
22      America, Plaintiff is entitled to, and demands, a trial by jury.

23

24   Dated: 04/09/07                          Respectfully submitted,
                                              **HYDE & SWIGART**
25

26
                                             By: /s/ Joshua B. Swigart
27                                           Joshua B. Swigart, Esq.
                                             Attorney for Plaintiff
28

1 | *Cousens v. American Honda Finance Corp.,et al*
United States District Court, Southern District of California
2 | Case No. 06CV 2080 W(LSP)

3 | **PROOF OF SERVICE**

4 | I, Joshua K. Merkel, declare as follows:

5 | I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego,
California where the mailing occurs: My business address is 411 Camino Del Rio South, Suite 301, San
6 | Diego, California 92108. I am readily familiar with our business' practice of collecting, processing and
mailing of correspondence and pleadings for mail with the United Postal Service.

7 |

8 | On April 9, 2007, I served the foregoing document(s) described as

9 | FIRST AMENDED COMPLAINT FOR DAMAGES
STIPULATION TO AMEND

10 |

11 | On the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope
addressed as follows:

12 | **Philip J. Giancinti**                                    **Jeffrey Lipow**
**Procopio, Cory, Hargreaves & Savitch, LLP**              **Lipow & Harris**
13 | **530 B Street, Suite 2100**                             **9952 Santa Monica Blvd.**
**San Diego, CA 92101**                                   **Beverly Hills, CA 90212**

14 |

15 | **Ross H. Hyslop**
**McKenna, Long & Aldridge, LLP**
16 | **750 B. Street, Suite 3300**
**San Diego, CA 92101**

17 |

18 |

19 | ☒   BY MAIL, by placing a copy thereof in a separate envelope for each addressee named above,
addressed to each addressee respectively, and then sealed each envelope and, with the
20 | postage thereon fully prepaid, deposited in the United States mail at San Diego,
California in accordance with our business' practice.

21 | ☐   BY PERSONAL SERVICE, by placing a copy thereof in a separate envelope for each addressee
named above, addressed to each such addressee respectively, and caused such envelope to be
22 | delivered by hand to the offices of addressee.

23 | ☐   BY FACSIMILE, this document was transmitted by facsimile transmission from
(619) 330-4657 and transmission was reported as complete and without error. A copy of the
24 | transmission report is attached to this affidavit.

25 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
correct. Executed on April 9, 2007, at San Diego, California.
26 |

27 |

28 |                                              Joshua K. Merkel